OPINION
{¶ 1} Plaintiff-appellant, Thomas G. Gavorcik, appeals from a Harrison County Common Pleas Court divorce decree ordering him to pay defendant-appellee, Pamela S. Gavorcik, $1,100 per month in spousal support for three years and $900 per month for five years thereafter.
 {¶ 2} Appellant and appellee were married on August 25, 1973, and had four children who are now emancipated. Appellant filed for divorce on June 10, 2002. After a hearing on the merits, the court issued a divorce decree on December 23, 2004.
 {¶ 3} The court found that an award of spousal support was appropriate. In ruling on the issue of spousal support, the court imputed income to appellee of $15,000 per year. The court then added appellee's imputed income of $15,000 to appellant's income of $45,000 to find their combined income was $60,000. Using the FinPlan tax software, the court ordered appellant to pay appellee $1,100 per month in spousal support for three years and $900 per month for five years thereafter. Appellant filed a timely notice of appeal on January 19, 2005.
 {¶ 4} At the outset, it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 5} Appellant raises two assignments of error. For ease of discussion, we will address his second assignment of error first. It states:
 {¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING SPOUSAL SUPPORT TO DEFENDANT/APPELLEE."
 {¶ 7} Appellant argues that the trial court did not properly consider all of the evidence presented in determining that appellee was entitled to spousal support. He points out that appellee had worked as a medical assistant earning $11 per hour. He notes that if she had kept that employment, she could earn $22,880 yearly. Since appellee testified that she needed approximately $2,000 monthly on which to live, appellant concludes that the award of support was unreasonable. Appellant also argues that appellee finds fault with every job she has had, including the work being too stressful, not challenging enough, or she was overqualified to perform it. (Tr. 204-212).
 {¶ 8} When reviewing an award of spousal support, an appellate court will not reverse the trial court's award absent an abuse of discretion. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218-219, 450 N.E.2d 1140. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable or unconscionable. Id. at 219.
 {¶ 9} R.C. 3105.18(C)(1) sets out the factors a court must consider when determining whether spousal support is appropriate and reasonable and when determining the amount and duration of spousal support. The factors are:
 {¶ 10} "(a) The income of the parties, from all sources, * * *;
 {¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 13} "(d) The retirement benefits of the parties;
 {¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
 {¶ 17} "(h) The relative extent of education of the parties;
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 20} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 24} In this case, the trial court engaged in a discussion of each factor and its applicability to the parties before reaching its determination on the issue of spousal support. The court found as follows.
 {¶ 25} Appellant has a yearly income of approximately $45,000 from the Army Corps of Engineers. Appellee, on the other hand, has earned income of $65 per hour for work she has performed on a part-time contract basis with The Ohio State University. She testified that she has earned approximately $4,000 per year from this employment, but she expected her amount of contract work to increase.
 {¶ 26} The court concluded that it was likely that a significant disparity in the parties' respective incomes would continue. The court based this conclusion on the fact that appellant's employment would be stable until he retired. Appellee, the court noted, is a capable individual who has worked in numerous occupational settings including teaching medical assisting, radiologic technician, sold insurance, worked in a doctor's office, and worked as a medical assistant. Appellee testified that she was able to find work as a medical assistant for $11 per hour, but she quit because it was too physically stressful.
 {¶ 27} Appellant is 57 years old and appellee is 53.
 {¶ 28} The parties equally divided all of the retirement benefits earned during the marriage. But appellant will have greater monthly retirement benefits and his employment will allow him to continue to accrue benefits.
 {¶ 29} The parties were married almost 29 years.
 {¶ 30} The parties have maintained a modest but comfortable standard of living.
 {¶ 31} Appellant needs no further education to continue his employment. Appellee can no longer be employed as a radiologic technician unless she becomes recertified. She has the training necessary to gain employment as a medical assistant or to teach medical assistant skills.
 {¶ 32} Neither party has significant assets other than equity in the marital home and retirement benefits.
 {¶ 33} Appellee would have to take classes for two years to receive certification as a radiologic technician. She would have to take classes in computer coding to work as a medical billing clerk. Instead, appellee has started classes to become a massage therapist, which will take a minimum of two years to complete.
 {¶ 34} Any award of spousal support will shift income tax liability from appellant to appellee.
 {¶ 35} In addition to these statutory factors, the court found another factor was relevant.
 {¶ 36} Throughout the marriage, appellee depended on appellant's employment for health insurance. Based on appellee's employment history, the court found it unlikely that she would be able to secure insurance through her own employment. The cost of maintaining her own insurance will be expensive. Appellee will be able to take advantage of appellant's military insurance once appellant turns 60, but until then the cost of medical insurance will be a financial drain. Thus, the court found that it was necessary to consider appellee's need for health insurance and its cost.
 {¶ 37} After considering all of the above mentioned factors, the court concluded that appellee required and was entitled to spousal support. It noted that based on the duration of the marriage and the above factors, it was appropriate to require the parties to pool and share their earnings for a term of years.
 {¶ 38} To reach the amount of support appellee should receive, the court took appellant's income and added appellee's imputed income to find their combined income. The court found that the parties' after-tax income would be approximately $50,000. Appellant would have access to 74 percent of the income. Based on this disparity, the court found it appropriate to award support so that appellee's income would be more comparable to appellant's income.
 {¶ 39} Given the trial court's detailed reasoning and thorough application of the relevant factors, we cannot conclude that it abused its discretion finding that appellee was entitled to spousal support. The court used the statutory factors as guidelines in determining that spousal support was warranted. While appellant is correct that equalization of income is not necessary, the trial court's analysis was reasonable because it described, in detail, how it reached its ultimate finding that spousal support was warranted and its findings are supported by the record. The court considered all of the evidence presented by the parties and went through a thorough analysis to reach its determination. Thus, we cannot conclude that the court abused its discretion by awarding spousal support to appellee. Accordingly, appellant's second assignment of error is without merit.
 {¶ 40} Appellant's first assignment of error states:
 {¶ 41} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN THE AMOUNT OF INCOME IMPUTED TO DEFENDANT/APPELLEE."
 {¶ 42} Appellant argues that the court arbitrarily imputed income to appellee of $15,000, and that the record does not support the court's choice of such a figure. He contends that when computing income for spousal support purposes, the trial court should consider R.C. 3119.01(C)(11)(a), which lists the factors a court must consider when imputing income to a parent for child support purposes. Appellant points out that appellee has prior employment experience, education and training in various fields, no physical or mental impairments, lives in an area with available employment, and therefore has the ability to earn more income than the court imputed to her. Appellant further contends that the court's imputation of only $15,000 annual income was an attempt to equalize the parties' incomes, which was not proper.
 {¶ 43} Like an award of spousal support, the imposition and amount of potential income to be imputed are matters for the trial court to determine based upon the facts and circumstances of each case. Bertoldi v. Bertoldi (Oct. 8, 1997), 9th Dist. No. 18346. "To the extent that the ability to earn more than current income is predicated on an assessment of a party's motivations or other factual determinations, the trial court is, of course, in the best position to evaluate the evidence and the credibility of the witnesses." Id. Thus, we will not reverse the trial court's decision absent an abuse of discretion.
 {¶ 44} In considering appellant's argument that the court should use the criteria set forth in R.C. 3119.01(C)(11)(a) when imputing income for spousal support purposes, we note that appellant has failed to cite any authority where a court applied the factors of the child support statute to a spousal support award. Furthermore, as stated above, R.C. 3105.18(C)(1) sets out the factors a court must consider when determining whether spousal support is reasonable and how much is appropriate. Included in the factors the court must consider are each parties' income, the relative earning abilities of the parties, the parties' education, and the physical and mental conditions of the parties. These factors are also included in R.C.3119.01(C)(11)(a). Furthermore, R.C. 3105.18(C)(1)(n) specifically instructs the court to consider any other relevant and equitable factor. Thus, if the court found that another factor was relevant and equitable, it had the discretion to consider it too.
 {¶ 45} However, the trial court abused its discretion in imputing only $15,000 in income to appellant. The record does not support its decision. The following testimony demonstrates that the court should have imputed at least $22,880 in income to appellee.
 {¶ 46} Appellee's resume indicated that since 1986 she has been employed in various positions and has completed various training classes. (Ex. 4). She has been employed as a supervisor of a doctor's office, a supervisor at Covenant Care Corporation, an instructor at Buckeye Career Center, and a medical supplement insurance salesperson. Additionally, appellee is a licensed insurance agent. She has been certified as a medical assistant. She has completed a class in venipuncture. She has completed a basic computer programming class. And she was previously certified as a radiologic technologist.
 {¶ 47} When asked why, considering her training and experience, she was currently working only 15 hours every six weeks, appellee stated that she has not found the "appropriate position." (Tr. 205). Furthermore, when asked specifically about why she has not used her various skills, appellee seemed to have several excuses. For instance, counsel asked appellee why she has not pursued selling insurance and appellee stated that it was "too stressful." (Tr. 211).
 {¶ 48} As to her earnings, appellee testified that while she worked at Covenant Care Corporation, she earned $15,000 working part time. (Tr. 178). She also testified that she earned $18,461 while working only part time at Buckeye Career Center in 1993. (Tr. 223). Importantly, appellee testified that she earned $11 per hour working as a medical assistant. (Tr. 233). However, she quit that job because it was "physically stressful." (Tr. 245). And appellee testified that she currently earned $65 per hour teaching a medical assisting course at The Ohio State University, but that she only expected to work 22 hours every six weeks. (Tr. 250-52).
 {¶ 49} Appellee also acknowledged an order dated August 22, 2001, from a prior divorce filing in which the court ordered her to make every reasonable attempt to obtain work and/or re-certification so as to be able to go back into the workplace. (Ex. 3). Appellee testified that she looked into re-certification but did not follow through. (Tr. 203).
 {¶ 50} In the divorce decree, the court acknowledged that appellee was educated and was not working to her full potential. Furthermore, the court found that appellee was not taking advantage of employment opportunities. However, it only imputed income of $15,000 to her.
 {¶ 51} Given the above testimony, the trial court should have imputed $22,880 to appellee. Appellee has earned between $15,000 and $18,000 while employed only part time. Additionally, at her job as a medical assistant, which she quit because it was too "physically stressful," she would have earned $22,880 if she worked full time. Thus, the evidence clearly demonstrated that appellee was able to earn more than the $15,000 the court imputed to her. Therefore, appellant's first assignment of error has merit.
 {¶ 52} For the reasons stated above, the trial court's judgment is hereby affirmed in part and reversed and remanded in part. It is reversed as to its imputation of $15,000 to appellee. On remand, the court is to impute $22,880 to appellee and then re-determine the amount of spousal support appellant will pay her. The trial court's judgment is affirmed in all other respects.
Vukovich, J., concurs
DeGenaro, J., concurs