OPINION
{ ¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Thomas Gavorcik, appeals the decision of the Harrison County Court of Common Pleas that ordered he pay spousal support to Defendant-Appellee, Pamela Gavorcik, in the amount of $1,000.00 per month for thirty-six months and $818.00 per month for the next sixty months. In a prior appeal,Gavorcik v. Gavorcik, 7th Dist. No. 05-HA-573, 2005-Ohio-6443(Gavorcik I), we concluded that the trial court abused its discretion by only imputing $15,000.00 of income to Pamela when calculating spousal support. We remanded this case with an order for the trial court to recalculate spousal support while imputing $22,880.00 of income to Pamela. Thomas argues that the trial court should have reduced the amount of spousal support to Pamela by a greater amount since much more income was imputed to her.
{ ¶ 2} In this case, the parties had a marriage of long duration and the trial court was trying to ensure that their after-tax monthly income would be approximately even. Although a trial court does not need to ensure that parties' incomes are equal when awarding spousal support, it does not appear that it was an abuse of discretion for the trial court to intend to achieve this goal in this case. Accordingly, the trial court's decision is affirmed.
 Facts { ¶ 3} Thomas and Pamela were married on August 25, 1973, and had four children, none of whom are now minors. Thomas filed for divorce on June 10, 2002, and the trial court entered a divorce decree on December 23, 2004. In that decree, the trial court found that it was appropriate to award spousal support and imputed $15,000.00 of income to Pamela when calculating a spousal support award. It then ordered that Thomas pay Pamela $1,100.00 per month in spousal support for thirty-six months and $900.00 per month for the next sixty months.
{ ¶ 4} Thomas appealed the trial court's spousal support award to this court. On appeal, this court found that the trial court did not abuse its discretion when determining that spousal support was appropriate, but that it did abuse its discretion by not imputing more income to Pamela. It reversed the trial court's decision and remanded the case so the trial court could recalculate the spousal support award while imputing $22,880.00 of income to Pamela. Gavorcik I at ¶ 52.
{ ¶ 5} On December 22, 2005, Thomas asked that the trial court hold a hearing on remand. The trial court scheduled a non-oral hearing and ordered that the parties submit any documents they wished it to consider by January 23, 2006. On March 24, 2006, the trial court issued a new entry awarding spousal support to Pamela. This award was in the amount of $1,000.00 per month for thirty-six months and $818.00 per month for the next sixty months. It is from this judgment that Thomas timely appeals.
{ ¶ 6} We note that Pamela has failed to file a responsive brief on appeal. "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).
 Law of the Case { ¶ 7} In his sole assignment of error, Thomas argues:
{ ¶ 8} "The trial court erred and abused its discretion in determining the amount of spousal support it ordered Appellant to pay Appellee."
{ ¶ 9} Thomas contends that the trial court's spousal support award was too great since it was imputing much more income to Pamela than it did in its first entry, yet was awarding less than 10% less to Pamela than it did in the first entry. Thomas takes issue with the trial court's effort to equalize the parties' after-tax income, arguing that it was unnecessary to do so since Pamela had testified regarding her monthly income needs. Finally, Thomas contends that it spousal support may no longer be appropriate given the amount of income imputed to Pamela.
{ ¶ 10} We addressed the appropriateness of spousal support in our prior opinion. In that opinion, we expressly affirmed the trial court's conclusion that spousal support was appropriate. Gavorcik I at ¶ 39. The law of the case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. This doctrine is a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. Id. But despite the fact that the doctrine is not a binding rule, it "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution."Hubbard ex rel. Creed v. Sauline, 74 Ohio St.3d 402, 404, 1996-Ohio-0174.
{ ¶ 11} The law of the case doctrine applies here. Our previous decision held that the trial court did not abuse its discretion when it determined that spousal support was appropriate even though we also stated that $22,880.00 of income needed to be imputed to Pamela. Thomas cannot now question that decision by asking us to redetermine whether the trial court abused its discretion when determining that spousal support was appropriate.
 Spousal Support { ¶ 12} In the main issue Thomas presents, he challenges the amount of spousal support awarded to Pamela. A trial court is vested with broad discretion in domestic matters and its decision will not be overturned absent a showing of an abuse of discretion. Martin v. Martin (1985),18 Ohio St.3d 292, 294-295. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. This court cannot substitute its judgment for that of the trial court unless, after considering the totality of the circumstances, we determine the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131.
{ ¶ 13} When determining "the nature, amount, and terms of payment, and duration of spousal support," the trial court must consider the factors in R.C. 3105.18(C). Those factors are:
{ ¶ 14} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
{ ¶ 15} "(b) The relative earning abilities of the parties;
{ ¶ 16} "(c) The ages and the physical, mental, and emotional conditions of the parties;
{ ¶ 17} "(d) The retirement benefits of the parties;
{ ¶ 18} "(e) The duration of the marriage;
{ ¶ 19} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
{ ¶ 20} "(g) The standard of living of the parties established during the marriage;
{ ¶ 21} "(h) The relative extent of education of the parties;
{ ¶ 22} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
{ ¶ 23} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
{ ¶ 24} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
{ ¶ 25} "(l) The tax consequences, for each party, of an award of spousal support;
{ ¶ 26} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
{ ¶ 27} "(n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18.
{ ¶ 28} Thomas contends that the trial court relied on tax software rather than the statutory factors when reaching his decision. He further contends that the trial court should have based its decision on Pamela's need for support, rather than its desire to ensure equality of income.
{ ¶ 29} This court recently dealt with these same arguments inRidgeway v. Ridgeway, 7th Dist. No. 04-HA-570, 2005-Ohio-6444. In that case, the trial court set forth the statutory factors and then used tax software to ensure that the parties' after-tax income would be approximately equal. This court found that while "equalization of income is not necessary, the trial court's analysis was reasonable because it described, in detail, how it reached its ultimate finding." Id. at ¶ 32. The same holds true in this case.
{ ¶ 30} In this case, the trial court considered these factors when arriving at its original spousal support determination. We acknowledged that fact when we pointed out that the trial court considered the parties' income, their relative earning abilities, the parties' current capabilities and ages, their retirement benefits, the duration of the marriage, the parties' standard of living, the parties' education, the parties' assets and liabilities, any retraining the parties would need to undergo for the workplace, the tax consequences of a spousal support award, and Pamela's reliance on Thomas's health insurance during the marriage. Gavorcik I at ¶ 24-36. In the trial court's most recent entry, it considered "the factors previously set forth by this Court," placing special emphasis on the duration of the marriage "and the fact that Defendant will likely be responsible for paying her own health insurance," and concluded that the parties should have approximately equal after-tax income for the first three years following the divorce.
{ ¶ 31} When arriving at its spousal support award, the trial court gave detailed findings showing how its award would give the parties approximately equal after-tax monthly income for the first thirty-six months. It then reduced its award of spousal support for the next sixty months by approximately the same percentage that it reduced the award for the first thirty-six months.
{ ¶ 32} Given these detailed findings, we conclude that the trial court's decision was reasonable and, therefore, that it did not abuse its discretion when awarding spousal support. Accordingly, Thomas' sole assignment of error is meritless and the judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.